```
UNITED STATES DISTRICT COURT              FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
UNITED STATES OF AMERICA,                 :
                                          :
                                          :        MEMORANDUM
                                          :        AND ORDER
         - against -                      :
                                          :        04 CR 619 (JG)
                                          :
MICHAEL HANAKIS,                          :
                                          :
                  Defendant.              :
----------------------------------------------------------------- X
```

A P P E A R A N C E S :

    ROSLYNN R. MAUSKOPF
        United States Attorney
        Eastern District of New York
        147 Pierrepont Street
        Brooklyn, NY 11201
    By:    Jed Davis, Assistant United States Attorney

    TACOPINA & SEIGEL
        275 Madison Avenue, 35th Floor
        New York, NY 10016
    By:    Joseph Tacopina
        Attorneys for Defendant

JOHN GLEESON, United States District Judge:

        The defendant has moved pursuant to 18 U.S.C. § 3553(a) for a lesser sentence than that advised by the United States Sentencing Guidelines based upon the alleged ineffective assistance of his prior counsel. Because I conclude that the sentencing proceeding is not the proper vehicle for addressing an ineffectiveness claim, I decline to consider the merits of the claim at this time. This opinion briefly addresses the reasons for that decision.

        Before the Guidelines were held to be advisory by the United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), the Second Circuit had held that "[i]neffective assistance of counsel is not a basis for a downward departure at sentencing."

*United States v. Bicaksiz*, 194 F.3d 390, 398 (2d Cir. 1999), *cert. denied*, 528 U.S. 1161 (2000). The court explained that such a departure would be premised upon contradictory assumptions, as it "simultaneously assumes the validity of a defendant's conviction" (by the imposition of sentence) "and conspicuously calls its validity into doubt" (by the finding of ineffective assistance). *Id.* I conclude that under *Bicaksiz*, Hanakis is precluded from relying on his claim of ineffective assistance in seeking leniency at sentencing.

The defendant makes three arguments that *Bicaksiz* does not control my decision in this case. First, he argues that the propositions I have quoted from *Bicaksiz* were dicta. They were not. *See id.* ("[W]e hold that the District Court did not err in denying Bicaksiz a downward departure for ineffective assistance of counsel, or in denying a request for a hearing on the question.").

Second, the defendant contends his particular ineffectiveness challenge poses no threat to the validity of his *conviction* because the claimed prejudice goes only to the length of the defendant's *sentence*. Specifically, his claim is that prior counsel wrongly advised the defendant to reject a plea offer of 108 months of incarceration, causing him to receive, upon his conviction at trial, a much higher proposed advisory Guidelines range of 235 to 293 months. Accordingly, the defendant argues, a grant of his motion would not overturn his conviction; rather, the remedy for his ineffective assistance claim would merely compensate him for the constitutional injury by adjusting his sentence. *See United States v. Carmichael*, 216 F.3d 224, 227 (2d Cir. 2000) (remedy for ineffective assistance "restores the defendant to the circumstances that would have existed had there been no constitutional error"). If I accepted this argument, however, I would run afoul of *Bicaksiz*. Bicaksiz had argued for a downward

2

departure on the ground that "his attorney's erroneous advice about [his] maximum sentence [exposure] prevented him from entering into serious plea discussions with the government." 194 F.3d at 397. Thus, he too challenged his "sentence," not his "conviction," to use Hanakis's terms. Nevertheless, the court of appeals held that the departure was inappropriate. The law in this circuit therefore does not recognize Hanakis's distinction between ineffectiveness challenges to "sentences" and "convictions."

Third, Hanakis distinguishes *Bicaksiz* because, unlike the defendant in that case, he has applied for a lesser sentence pursuant to 18 U.S.C. § 3553(a), rather than pursuant to the Guidelines' departure authority. But this distinction makes no difference: an ineffectiveness challenge touches a conviction, for *Bicaksiz* purposes -- and thus fatally undermines the validity of a sentencing proceeding -- just as surely when it is premised upon § 3553(a) as when it takes the form of a downward departure.

In any event, it is by now well-settled that a collateral attack pursuant to 28 U.S.C. § 2255 is the preferred vehicle by which to raise an ineffectiveness of counsel claim. *See United States v. Salameh*, 152 F.3d 88, 160 (2d Cir. 1998), *cert. denied*, 526 U.S. 1028 (1999); *United States v. Tarricone*, 996 F.2d 1414, 1418 (2d Cir. 1993); *see also Bicaksiz*, 194 F.3d at 398 ("Our decision on this score is without prejudice to the possible raising of the ineffective-assistance contention in a separate § 2255 motion."). *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (habeas is the appropriate remedy for a challenge to "shorten[] the length of . . . actual confinement in prison"). This general rule is a good one. If district courts were to consider ineffectiveness claims at sentencing, defendants seeking to avoid incarceration would routinely take advantage of the opportunity, without the additional time for reflection, *see*

3

*Salameh*, 152 F.3d at 160, and full development of the record, *see Tarricone*, 996 F.2d at 1417-18, allowed by a habeas challenge.

Given that the defendant must cast his application in the form of a § 2255 motion, the next question is whether I should preview that (presumably inevitable) petition during the sentencing proceeding in the interest of saving everybody's time. Some courts in this circuit appear to have conducted precisely this sort of preview in the interest of judicial economy. *See, e.g.*, *United States v. Fernandez*, No. 98 CR 961 JSM, 2000 WL 534449, at *6 (S.D.N.Y. May 3, 2000) (sentencing defendant pursuant to reduced Guideline range as a remedy for ineffective assistance, because, "[s]ince the sentence has not yet been imposed, it is not in anyone's interest to make the parties go through a meaningless sentencing, which would be followed by a predetermined § 2255 proceeding"); *United States v. Duran-Benitez*, 110 F. Supp. 2d 133, 155 (E.D.N.Y. 2000) (treating motion for downward departure as petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 and departing from Guidelines range at sentencing under the guise of restoring defendant "to the term of imprisonment he would have received had [counsel] never intruded into his case"). Other courts appear to disagree. *See, e.g.*, *Restituyo v. United States*, No. 00 Civ. 8700 (LBS) & No. 99 Cr. 333 (LBS), 2000 WL 1863540, at *1 (S.D.N.Y. Dec. 20, 2000).

I conclude that consolidating a collateral attack with a sentencing proceeding is inappropriate. First, my jurisdiction over a petition pursuant to § 2255 requires that the petitioner be "in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255. That has not yet occurred. Second, while I might possibly cure that jurisdictional defect by styling the proceeding as one under 28 U.S.C. § 2241, the consequence would be confusion.

As Judge Cote has pointed out in denying a similar application, "permitting defendants to raise claims that were otherwise available in a Section 2255 motion 'would allow all incarcerated defendants simultaneously to pursue both section 2241 petitions challenging the validity of their convictions and direct appeals challenging the same.'" *United States v. Gonzalez*, No. 00 Cr. 447 (DLC), 2001 WL 987866 (S.D.N.Y. Aug. 30, 2001) (quoting *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997)) (holding that a pre-sentencing petition pursuant to 28 U.S.C. § 2241 was inappropriate). In the end, the confusion is needless, because resisting the temptation to preview Hanakis's § 2255 motion will not prejudice him. He can file his motion the moment his judgment becomes final. Until then, his application to reduce his sentence due to the ineffectiveness of his prior counsel is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
       June 12, 2007